[No. 20450. Department Two. July 12, 1927.]

EDUCATIONAL FILM EXCHANGE, *Respondent,* v. J. D. PRAGGASTIS, *Appellant.*[1]

[1] CONTRACTS (6, 17)—OFFER AND ACCEPTANCE—APPROVAL OF TENTATIVE AGREEMENT. A "tentative" contract for the distribution of motion pictures is shown to have been fully executed and effective, although there is no written evidence in the record of notice of its final approval, under a clause that it shall be deemed withdrawn unless notice of acceptance by mail or telegraph is given within twenty-five days, where it was signed by an agent as a tentative contract July 25, and as finally approved August 5, and thereafter partly performed by delivery and acceptance of films.

Appeal from a judgment of the superior court for King county, Paul, J., entered August 26, 1926, upon findings in favor of the plaintiff, in garnishment proceedings. Affirmed.

*Atwell & Moore,* for appellant.

*Palmer, Askren & Brethorst,* for respondent.

PARKER, J.—This is a companion case to that of *United Artists Corporation v. Praggastis, ante* p. 284, 257 Pac. 843. This appeal, as the one in that case, has to do with the attempted vacating of a writ of garnishment issued upon a judgment rendered in favor of

[1]Reported in 257 Pac. 845.

respondent and against appellant upon an arbitration award in pursuance of an arbitration agreement in substance the same as was drawn in question in that case. The question of the final execution of the contract for the furnishing of the moving picture films and the arbitration is presented to us here by a slightly different provision in the contract touching its final execution. In this contract, there is the following:

"This agreement shall be deemed an application for a contract only and shall not become binding until accepted in writing by an officer of the Educational Film Exchange, Inc., and notice of acceptance sent to the exhibitor as hereinafter provided, . . . Unless notice of acceptance of this application by the distributor is sent to the exhibitor by mail or telegraph within the following periods after date of application, to-wit: . . . twenty-five days if located west of the Mississippi, said application shall be deemed withdrawn and the distributor shall forthwith return any sums paid on account thereof by the exhibitor."

This contract was signed by an agent on behalf of respondent and by appellant on July 25, 1924, manifestly as the tentative contract. It was signed as finally approved in behalf of respondent on August 5, 1924.

[1] The argument here is that, because there is not in the record any written evidence of notice of the final approval of the contract by respondent having been given to appellant, the contract must be considered as never becoming fully executed and effective, and that therefore the judgment rendered upon the arbitration award was rendered without the superior court having jurisdiction in the premises. While we do not find in the record before us any formal written evidence of respondent having notified appellant of its final acceptance and approval of the contract, there is in the record sufficient to warrant the conclusion that the contract was substantially partly performed

by respondent furnishing, and appellant accepting, a number of the films contracted for; appellant refusing to accept the remaining films contracted for. Besides, the trial court, in disposing of the motion and application to vacate the writ of garnishment issued upon the judgment which was rendered upon the award of the arbitrators, found that notice of final approval of the contract by respondent was given to appellant. We conclude that it sufficiently appears that the contract was finally approved by respondent and notice thereof given to appellant, thus rendering it finally effective and binding upon both parties.

The judgment of the trial court denying the motion and application to vacate the writ of garnishment, and its judgment rendered in the garnishment proceeding, are in all things affirmed.

MACKINTOSH, C. J., FRENCH, and TOLMAN, JJ., concur.