[No. 20449.   Department Two.   July 12, 1927.]

UNITED ARTISTS CORPORATION, *Respondent*, v. J. D.
PRAGGASTIS, *Appellant*.[1]

[1] CONTRACTS (6, 17)—OFFER AND ACCEPTANCE—APPROVAL OF TEN-
TATIVE AGREEMENT. A "tentative" contract for the distribution
of motion pictures is shown to have been approved and is com-
plete and binding, when signed by the president of the distribu-
tor, under a. clause in the agreement that it shall not be
binding until its contents are submitted to the president and
accepted in writing "or until this contract is executed in
writing by such president."

Appeal from a judgment of the superior court for
King county, Paul, J., entered August 26, 1926, upon
findings in favor of the plaintiff, in garnishment pro-
ceedings. Affirmed.

*Atwell & Moore,* for appellant.

*Palmer, Askren & Brethorst,* for respondent.

PARKER, J.—This is an appeal by J. D. Praggastis
from a final order of the superior court for King
county denying his motion to vacate a writ of garnish-
ment issued upon a judgment for $549, rendered in
that court against him and in favor of respondent
artists corporation. The theory upon which appellant
rests his claimed right to have the writ of garnishment
vacated is that the judgment upon which it was issued
is void, and affirmatively so appears by the record of
the case in which it was rendered.

For present purposes, the facts, we think, may be
sufficiently summarized as follows: Respondent is a
distributor of moving picture films; that is, it furnishes
and distributes such films, for a rental consideration,
to moving picture theater operators. The distribution
here in question was to be from respondent's branch

¹Reported in 257 Pac. 843.

office in Seattle. Appellant, at the time of entering into the contracts here in question, was operating a moving picture theater in Kelso. In these contracts, respondent is referred to as "distributor" and appellant is referred to as "exhibitor." On September 6, 1924, respondent and appellant entered into several written contracts for the furnishing by respondent to appellant of films of different moving pictures and their exhibition on different dates. The contracts are manifestly in stereotyped form and are exactly alike except as to the names of the pictures, dates to be exhibited and agreed rental price. This record and counsel's method of treating the contracts warrant us in assuming that they are, in substance, one contract. Each contains, among other stipulations, the following:

"FOURTH: The exhibitor herewith certifies that he has been informed by the representative of the distributor, and the exhibitor agrees, that this agreement is not and shall not be binding upon the distributor or owner of said motion picture until its contents are submitted to the president of the distributor, (or such other officer of distributor authorized to approve proposed contracts for the exhibition of the said motion picture) at its principal office in the city of New York, and accepted in writing by such president or other officer, or until this contract is executed in writing by such president or such other duly authorized officer of the distributor. In the event of such proposed contract not being accepted by distributor or owner of said motion picture, the distributor will return the consideration, paid upon the execution of this agreement by the exhibitor within thirty (30) days from the date hereof, and this proposed contract shall be terminated and at an end."

The contract also contains an agreement that the parties shall submit to arbitration "all claims and controversies arising hereunder for determination," specifying a board of arbitrators for that purpose. The contracts are signed by appellant, by respondent's

sales manager, and by the president of respondent, evidencing final approval and execution by respondent. Respondent, claiming unpaid rent for the films to be due to it from appellant, submitted to the specified board of arbitrators its claim therefor, and caused due notice of a hearing thereon at a specified time and place in Seattle before the board of arbitrators. At the time and place so specified, appellant not appearing, the board of arbitrators proceeded with the hearing upon the merits, and, at the conclusion thereof, made findings and conclusions in favor of respondent and against appellant, awarding recovery in favor of respondent and against appellant in the sum of $549. This award, with the contracts, was duly filed in the office of the clerk of the superior court for King county, looking to the rendering of a judgment thereon by the court in pursuance of our arbitration statutes, Rem. Comp. Stat., §§ 420 et seq. [P. C. § 7339 et seq.].

Thereafter appellant filed in the superior court exceptions to these findings, conclusions and award. While in these exceptions a number of grounds are set up why the court should not enter a judgment upon the award, we understand from them that counsel for appellant thereby intended to challenge the jurisdiction of the superior court to enter a judgment upon the award, and also intended to have the exceptions regarded as a special appearance only for that purpose. The superior court, upon motion of counsel for respondent, struck the exceptions from the record, which was, in effect, a ruling that they were not sufficient in law to negative respondent's right of recovery, and rendered judgment upon the award of the board of arbitrators in favor of respondent and against appellant. That judgment has not been appealed from.

Thereafter respondent caused a writ of garnishment to be issued upon the judgment and to be served upon

the Cowlitz Valley Bank of Kelso, resulting in an answer from the bank as garnishee defendant that it had a deposit credit in favor of appellant in the amount of $2,100.   Thereafter, appellant moved the court to vacate the writ of garnishment, resting his motion upon the theory that the judgment was void and so appeared upon the face of the record made in the case in which it was rendered.   This motion was by the court over-ruled and judgment accordingly entered against the bank as garnishee defendant for the amount of the original judgment, and awarding the bank its costs and attorney's fees against appellant.   It is from this disposition of appellant's motion to vacate the writ of garnishment that he has appealed to this court.

[1]  It is contended in behalf of appellant that the original judgment rendered by the superior court against him upon the arbitration award is void, and that it so appears upon the face of the record of the case in which it was rendered, in that there were no completely executed contracts sufficient to support the jurisdiction of the board of arbitrators or the jurisdiction of the superior court in the premises.   The argument is, as we understand counsel, that the contracts, which it was originally contemplated the parties were to ultimately enter into, had only reached the tentative stage, and that they were to be later finally approved by or on behalf of respondent by subsequent writings evidencing such approval, and that they never were so approved.   It seems to us that this contention is effectually answered by the above quoted language of the contracts that

"  .   .   .    this agreement is not and it shall not be binding upon the distributor,  .   .   .    until its contents are submitted to the president of the distributor .   .   .    and accepted in writing by such president  . .  ., or until this contract is executed in writing by such president,"

in view of the fact that the contracts were approved by the president as evidenced by his signature as above noticed. We are at a loss to understand what further approval was needed upon the part of respondent or any of its officers to render the contracts finally effective and binding on both parties. Clearly, it seems to us that the contracts upon their faces evidence complete execution by both parties thereto. So far as we can see from the briefs of counsel for appellant, this is the substance of the whole of their contention of want of jurisdiction of the superior court over the subject matter of the action and the person of appellant.

We have discussed the case so far as though appellant Praggastis were the only party here challenging the jurisdiction of the superior court in the premises. We have done so merely for convenience of expression. His wife made separate application by way of intervention seeking the vacating and quashing of the writ of garnishment; her counsel seemingly assuming that she had some rights at stake not in common with her husband. The trial court overruled her application, as it did the motion of her husband, and she has joined in the appeal by her husband. She seeks vacation of the writ of garnishment upon exactly the same grounds as does her husband, in so far as she makes contention in this court. Therefore, what we have already said disposes of her contentions here made.

Counsel for respondent contend that, at all events, the original judgment of the superior court became *res judicata* of the trial court's jurisdiction in the original case, because of the filing of appellant's exceptions in the superior court to the findings, conclusions and award made by the board of arbitrators, and because of his failure to appeal from the overruling of those exceptions and the rendering of the judgment by the superior court upon the award. In

view of what we have said thus far, however, we need not further notice this contention.

The orders denying the motion and intervention application to vacate the writ of garnishment, and the judgment rendered upon the writ of garnishment, are in all things affirmed.

MACKINTOSH, C. J., FRENCH, TOLMAN, and HOLCOMB, JJ., concur.